## COFFIN v. COKE.

*Commissions — upon sale of bonds — when not earned.   Agency.   Compromise — what does not amount to.*

Plaintiff was appointed agent for the State of Texas to sell certain bonds. By the terms of his appointment, he was to receive a certain percentage upon bonds sold, and the power was reserved to revoke the appointment at any time, without creating any claim against the State for any bonds remaining unsold. Plaintiff sold no bonds, but contracted to sell some at a price which the State authorities refused to accept, and before any sale was made his appointment was revoked. *Held*, that, no sale having been made, he had no claim for compensation for his services or expenses.

By an act, passed by the legislature , of Texas, the governor of that State was to adjust, compromise and settle plaintiff's claim, and it was provided that the amounts found due by him should be payable out of the funds arising from the sale of the bonds. *Held*, that the right to payment was dependent on an adjustment by the governor, and such adjustment not having been made, plaintiff had no claim for compensation under the act.

APPEAL by plaintiff from an order at special term denying an application for a receiver during the pendency of the action, and for an injunction to prevent defendants removing property from the State.

The action was brought by Edmund Coffin against Richard Coke, governor of the State of Texas, and others, including said State and several of its executive officers, to recover an alleged indebtedness for commissions upon the sale of the bonds of the said State. Sufficient facts appear in the opinion.

*Edmund Coffin, Jr.*, for appellant.

*Rastus S. Ransom*, for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The plaintiff was appointed agent for the sale of certain Texas State bonds. He made no sale of any of them, but contracted to sell a large proportion of them at a price which the public authorities of the State did not consent to accept. The agency was taken out of his hands and by this action he claims to recover compensation for his services and expenses, and to have the amount that may be found due paid out of the proceeds of the sale of a portion of the bonds.

According to the terms of his appointment and under which he was employed to sell the bonds, his compensation for all services and expenses was to be a percentage not to exceed two per cent of the proceeds of the bonds sold. And it was further declared in the terms of the appointment, that the State of Texas should in no event be responsible for more than two per cent of the proceeds of the bonds sold. This was a specific limitation of the right of the plaintiff to compensation to a sum not exceeding two per cent of the proceeds of the bonds sold by him. It gave him no lien on the bonds themselves, nor upon their proceeds beyond the percentage which it was stipulated he should receive. And no right was con-

Coffin v. Coke.

ferred upon him to sell the bonds for the mere purpose of creating a fund to satisfy his own demand for commissions or expenses, consequently as none of the bonds were actually sold by him no fund was realized out of which he could legally secure payment. It was not sufficient to entitle him to payment under the terms of his appointment that he contracted to sell a portion of the bonds for a price the State authorities did not accept, as long as his right to receive it was made dependent on the fact of bonds being sold and their proceeds received. For the right was expressly reserved to revoke the appointment at any time without creating any claim against the State for any bonds then remaining unsold. And under the reservation the appointment was revoked before any of the bonds had been actually sold by the plaintiff. The most that he did was to enter into a contract to sell, without any sale being actually consummated by him. The bonds were all unsold at the time of the revocation, and under the express terms of the employment he then had no claim that could be enforced either against them or against the State of Texas.

The case is no more favorable to the plaintiff under the act of March 4, 1874, for by that act no absolute right to compensation was secured to him. The power was conferred upon the governor of the State of Texas to adjust, compromise, and settle any claim that he might have, and after that it was provided that the amount found due by him should be payable out of the funds arising from the sale of the bonds. The right to payment out of the proceeds of the bonds under this act, was expressly rendered dependent on a previous adjustment and allowance of the claim made by the governor ; without that no right to payment was created. And as no adjustment or allowance of the plaintiff's claim was ever made by the governor of the State of Texas, he very clearly has no right to compensation under the terms or intent of the act referred to.

In this state of the plaintiff's case it is very clear that he has no valid claim or right to compensation out of the bonds or their proceeds. He, therefore, cannot lawfully insist upon their detention, deposit or sale for his benefit. For that reason his motion for an injunction and receiver was properly denied.

And without considering the objection to the jurisdiction of the court on the ground that the action is really against the State of Texas, the order appealed from should be affirmed, with $10 costs besides disbursements. *Order affirmed.*